1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL GRADIS,

          Plaintiff,

    v.

HENRY RICHARDS *et al.*,

          Defendants,

Case No.  C04-5493FDB

REPORT AND RECOMMENDATION

**NOTED FOR**:
**APRIL 22nd 2005**

17
18
19
20
21

       This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant's motion to dismiss.  (Dkt. # 18).  Plaintiff has responded.  (Dkt. # 22).  Defendant has replied and the matter is now ripe for review.  (Dkt. # 25).  Both the response and reply contained motions within the pleadings.  Those motion have been handled by separate order.

22

FACTS

23
24
25
26
27
28

       Plaintiff originally filed this action in August of 2004 and alleged he had not received a timely "SVP evaluation."   (Dkt. # 6, page 2).  Defendants move for dismissal and argue plaintiff was given an evaluation by Dr. Lund.  On February 10th, 2003 Dr. Lund signed an evaluation report finding plaintiff to meet the criteria for civil commitment as a sexually violent predator.  Plaintiff declined to participate in that review.  (Dkt. # 18, exhibit 2).  Defendants also argue this issue has previously been litigated and dismissed and the issue is therefore the subject of *res judicata*.  (Dkt. # 18, page 1); that the action is precluded by the holding of Heck

1  v. Humphrey, 512 U.S. 477 (1994); and, that the defendants are entitled to qualified immunity. (Dkt. # 18).

2  In Savala v Yanisch, C04-5412FDB, this court determined that the defendants had prevailed on the
3  issue of 45 day evaluations in Ross v. Seling, C99-5238RJB (Ross Dkt. # 202 and 238). Mr. Savala placed
4  before the court the oral ruling of Judge Bryan. (Savala v Yanisch, C04-5412FDB, Dkt. # 13). The claim in
5  Savala was dismissed as litigation of the issue implicated the propriety or legality of current commitment and
6  on principles of *res judicata*. Mr. Savala was a party to the Ross litigation. There is nothing to indicate Mr.
7  Gradias was a party to that litigation.

8  Here, the parties have both alleged that plaintiff had a probable cause hearing in September of 2004
9  and the superior court has ordered continued confinement. (Dkt. # 6 and 18). The parties seem to disagree
10 about what the September 2004 order represents. Plaintiff appears to argue he is now an admitted resident of
11 the SCC and is therefore entitled to an admissions evaluation. Defendants note that plaintiff is scheduled for a
12 commitment trial in March of 2005 and that after the probable cause hearing in September he was ordered to
13 participate in an evaluation. Defendants position appears to be that plaintiff has already had his evaluation and
14 in this case it occurred prior to his probable cause hearing. (Dkt. # 18).

15 This action involves the timing of an evaluation that occurred in plaintiff's state civil commitment
16 proceedings. Plaintiff argues he had a substantive due process right to an evaluation within a 45 day time
17 frame. (Dkt. # 24). Plaintiff indicates he does not seek relief from confinement, he seeks damages. (Dkt. #
18 24).

19                                                    DISCUSSION

20 Review of the honorable Judge Bryan's oral decision in Ross reveals the defendants prevailed on the
21 issue plaintiff attempts to litigate today. (Savala v. Yanisch, C04-5412FDB Dkt. # 13). Further, review of the
22 argument made for Mr. Savalas in Ross shows it to be the same claim. (Ross v. Seling, C99-5238RJB Dkt. #
23 202). The issue was dismissed and summary judgment granted to defendants because the issue is barred by the
24 doctrine set forth in Heck v Humphrey, 512 U.S. 477 (1994) and the Rooker-Feldman[1] doctrine. Litigation of
25 this issue arguably resulted in a decision that the cause of action has not yet accrued.

26

---

27  [1] The Rooker-Feldman doctrine was named after two Supreme Court cases decided 60 years apart.
28  The doctrine precludes a federal court from entertaining and reviewing claims adjudicated in state courts and also precludes constitutional claims inexorably intertwined with state court decisions. See, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

REPORT AND RECOMMENDATION
Page - 2

1  Like plaintiff today, the plaintiffs in Ross argued they were entitled to an evaluation within forty five
2  days of the probable cause hearing. They then reasoned that they were being held without legal authority and
3  they sought damages for the time they had been held without an evaluation taking place. That is the claim
4  presented by plaintiff today.

5  A. *Res judicata*.

6  This action is barred as the issue was litigated and lost in Ross *et al* v. Seling *et al*, C99-5238RJB.
7  The doctrine of *res judicata* includes two types of preclusion, claim preclusion and issue preclusion. Robi v.
8  Five Platters, Inc., 838 F.2d 318, 321 (9th Cir. 1988). Issue preclusion is "[w]hen an issue of fact or law is
9  actually litigated and determined by a valid and final judgment, and the determination is essential to the
10 judgment." Arizona v. California, 530 U.S. 392 (2000). Issue preclusion is intended to limit the number of
11 times a defendant may be forced to litigate the same claim or issue, and to promote efficiency in the judicial
12 system by putting an end to litigation. Peck v. Commissioner of Internal Revenue, 904 F.2d 525 (9th Cir. 1990).

13 Claim preclusion "treats a judgment, once rendered, as the full measure of relief to be accorded between
14 the same parties on the same 'claim' or 'cause of action.'" Robi, 838 F.2d *at 321; see also* In re Schimmels,
15 127 F.3d 875, 881 (9th Cir. 1997). As there is nothing before the court to indicate plaintiff was a party to the
16 Ross or Savala case. Claim preclusion is inappropriate to this proceeding.

17 Applying issue preclusion in this case means the plaintiff will have to pursue this claim in state court,
18 and receive relief in that forum or through habeas corpus before bringing a civil rights action for damages.

19 This conclusion follows the precedent set forth in Heck and recognizes the effect of Judge Bryan's
20 ruling in Ross. In addition, it returns an issue of state law, ie. when must an SVP evaluation take place, to
21 the state courts. This allows state courts to define the parameters of state law and address constitutional
22 issues as contemplated by the exhaustion requirement which is embodied in the rules relating to habeas
23 corpus.

## CONCLUSION

25 The Western District has previously ruled the issue in this action relates to the propriety of current
26 confinement. For the reasons stated above the action should be **DISMISSED WITHOUT PREJUDICE**.
27 A proposed order accompanies this Report and Recommendation.

28 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 22nd, 2005**, as noted in the caption.

DATED this 21st day of March, 2005.

    _s/ Karen L. Strombom_____
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4